**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

SANDERS COUNTY REPUBLICAN
CENTRAL COMMITTEE,
           *Plaintiff-Appellee*,

v.

TIMOTHY C. FOX,[*] in his official
capacity as Attorney General for the
State of Montana; JAMES MURRY, in
his official capacity as the
Commissioner for Political Practices
for the State of Montana,
           *Defendants-Appellants*.

No. 12-35816

D.C. No.
6:12-cv-00046-
CCL

OPINION

Appeal from the United States District Court
for the District of Montana
Charles C. Lovell, Senior District Judge, Presiding

Submitted June 17, 2013[**]

Filed June 21, 2013

---

[*] Timothy C. Fox is substituted for his predecessor, Steven Bullock, as Attorney General for the State of Montana.  Fed R. App. P. 43(c)(2).

[**] The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Before: Mary M. Schroeder and Ronald M. Gould, Circuit Judges, and Jed S. Rakoff, Senior District Judge.[***]

Opinion by Judge Rakoff

## SUMMARY[****]

### Civil Rights

The panel affirmed in part and reversed in part the district court's permanent injunction enjoining the State of Montana's Attorney General and Commissioner of Political Practices from enforcing in its entirety a Montana statute making it a criminal offense for any political party to "endorse, contribute to, or make an expenditure to support or oppose a judicial candidate" in a nonpartisan judicial election, Mont. Code Ann. § 13-35-231.

The panel held that to the extent that appellants challenged the permanent injunction against enforcement of section 13-35-231's ban on endorsements and expenditures, the panel was bound to follow its prior published decision finding those provisions unconstitutional. *See Sanders Cnty. Republican Cent. Comm. v. Bullock*, 698 F.3d 741 (9th Cir. 2012). Accordingly, the panel affirmed the district court's

[***] The Honorable Jed S. Rakoff, Senior District Judge for the U.S. District Court for the Southern District of New York, sitting by designation.

[****] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

entry of a permanent injunction as it pertained to those portions of the statute.

The panel noted that in its prior decision of September 17, 2012, the court had not reached the issue of the constitutionality of the statute's ban on contributions and that no such challenge had subsequently been raised. The panel therefore remanded to the district court with instructions to revise the permanent injunction so that it enjoined only the statute's ban on endorsements and expenditures, and not the statute's ban on contributions.

## COUNSEL

Timothy C. Fox, Montana Attorney General, and Michael G. Black, Montana Assistant Attorney General, Helena, Montana, for Defendants-Appellants.

Matthew G. Monforton, Bozeman, Montana, for Plaintiff-Appellee.

Lawrence A. Anderson, Great Falls, Montana; Matthew Menendez, Alicia Bannon, and David Earley, Brennan Center for Justice at NYU School of Law, New York, New York, for amicus curiae The Brennan Center for Justice at NYU School of Law.

**OPINION**

RAKOFF, Senior District Judge:

On May 29, 2012, appellee Sanders County Republican Central Committee ("the Committee") filed suit against appellants, the State of Montana's Attorney General and its Commissioner of Political Practices, seeking a declaration that certain portions of a Montana statute making it a criminal offense for any political party to "endorse, contribute to, or make an expenditure to support or oppose a judicial candidate" in a nonpartisan judicial election, Mont. Code Ann. § 13-35-231, were unconstitutional and requesting an injunction against its enforcement. On June 26, 2012, the district court denied the Committee's motion for a preliminary injunction. On September 17, 2012, this Court reversed that decision, with Judge Schroeder dissenting, and remanded the case for further proceedings consistent with the Court's opinion. *See Sanders Cnty. Republican Cent. Comm. v. Bullock*, 698 F.3d 741 (9th Cir. 2012). Specifically, this Court determined that Montana's ban on endorsements and expenditures by a political party in a judicial election violated the Committee's rights under the First Amendment, *id*. at 745–48, and that the enforcement of section 13-35-231's prohibition of such endorsements and of the expenditures needed to make those views publicly known should be preliminarily enjoined. *Id.* at 748–49.

Upon remand to the district court, appellants moved for an order vacating the previously-set September 25, 2012, trial date and sought an opportunity to file motions for summary judgment. The district court vacated the trial date and, finding that summary judgment motions would be "superfluous" in light of this court's preliminary injunction opinion, entered

judgment on September 19, 2012,  permanently enjoining appellants from enforcing section 13-35-231 in its entirety. Appellants now appeal from that judgment.

To the extent that appellants challenge the permanent injunction against enforcement of section 13-35-231's ban on endorsements and expenditures, this panel is bound to follow its published decision finding those provisions unconstitutional. *See Gonzalez v. Arizona*, 677 F.3d 383, 389 n.4 (9th Cir. 2012) (en banc), *cert. granted*, 133 S. Ct. 476 (2012) ("[A] published decision of this court constitutes binding authority which 'must be followed unless and until overruled by a body competent to do so' . . . . " (quoting *Hart v. Massanari*, 266 F.3d 1155, 1170 (9th Cir. 2001))). Accordingly, we affirm the district court's entry of a permanent injunction as it pertains to those portions of the statute.

However, the district court, apparently under the mistaken impression that this court had found section 13-35-231 unconstitutional in all respects, entered a permanent injunction against the enforcement of section 13-35-231 in its entirety, including the statute's ban on contributions by a political party to a judicial candidate. In its decision of September 17, 2012, this court had not reached the issue of the statute's ban on contributions, noting that the Committee "does not here challenge Montana's ban on contributions to judicial candidates by political parties." *Sanders Cnty. Republican Cent. Comm.*, 698 F.3d at 744 n.1. Nor in the brief proceedings before the district court after the matter was remanded following our decision did the Committee challenge the statute's ban on contributions. And in its submission on the instant appeal, the Committee once again disavows any such challenge. *See Lair v. Bullock*, 697 F.3d

1200 (9th Cir. 2012) (finding, on a motion for a stay pending appeal, that Montana was likely to succeed on an appeal of a permanent injunction against enforcement of certain restrictions on campaign contributions).

We therefore remand to the district court with instructions to revise the permanent injunction so that it enjoins only the statute's ban on endorsements and expenditures, and not the statute's ban on contributions.[1] The parties shall bear their own costs.

**AFFIRMED IN PART and REVERSED AND REMANDED IN PART**.

---

[1] It is clear that the statute's contribution ban is severable from its endorsement and expenditure bans, and the parties nowhere suggest otherwise. *See Free Enter. Fund v. Pub. Co. Accounting Oversight Bd.*, 130 S. Ct. 3138, 3161 (2010) ("'Generally speaking, when confronting a constitutional flaw in a statute, we try to limit the solution to the problem,' severing any 'problematic portions while leaving the remainder intact.'" (quoting *Ayotte v. Planned Parenthood of N. New Eng.*, 546 U.S. 320, 328–29 (2006))).